IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE : § § | | |
| RAY ROSA, § | Case No. 13-37731 | |
| Debtor § | Chapter 7 | |

| | | |
|---|---|---|
| § | | |
| MICHELLE SCOTT and BILL DEMBSKI, § | | |
| Plaintiffs § | | |
| § | | |
| v. § | Adversary No. _____ | |
| § | | |
| RAY ROSA, § | | |
| Defendant § | | |

**COMPLAINT OBJECTING TO DISCHARGE OF THE DEBTOR, or, alternatively, TO DETERMINE DISCHARGEABILITY OF DEBT UNDER SECTIONS 523(a)2(A) and 523(a)4**

The Plaintiffs, MICHELLE SCOTT and BILL DEMBSKI ("Plaintiffs"), file their Complaint to Determine the Dischargeability of their claim against RAY ROSA ("Debtor" or "ROSA") under Federal Rule of Bankruptcy Procedure 4007 and 11 U.S.C. § 523(c)(1). In support of their complaint, Plaintiffs allege and request relief as follows:

**I.**

**PARTIES**

1. Complainant, MICHELLE SCOTT, is an individual residing in Houston, Harris County, Texas.

2. Complainant, BILL DEMBSKI, is an individual residing in Houston, Harris County, Texas.

3.     Defendant, RAY ROSA, is an individual residing in Houston, Harris County, Texas, and may be served with process at 25818 Orchard Knoll Lane, Katy, Texas 77494.

## II.

## JURISDICTION & VENUE

4.     This is an adversary proceeding and is being brought in connection with Debtor's case under Chapter 7 of Title 11, now pending before the Court. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157.

## III.

## FACTS

5.     In or about August, 2010, Plaintiffs were approached as a potential investors to purchase partnership interests in EHC Wound Care, Limited Partnership, which allegedly owned certain hyperbaric wound equipment. Defendant, ROSA, made numerous representations to the Plaintiffs to entice them into financially participating in the limited partnership. In reliance on those representations, Ms. Scott contributed $25,000.00 and Mr. Dembski $50,000.00 to be class B limited partners in EHC Wound Care. It was further represented that Ronald A. Charles, Clara I Monet-Barnes and Ray Rosa, Jr. would be class A limited partners, and that each of them contributed $100,000.00 in assets or other equipment for their respective interests. After tendering their monies in reliance upon the promises and representations of ROSA, the Plaintiffs received executed Partnership Agreements for EHC Wound Care, Limited Partnership. Thereafter, Plaintiffs made numerous attempts to receive information and reports regarding the

operations of EHC WOUND CARE, and were repeatedly assured by both ROSA and Ms. Barnes that business was progressing, their monies were secure and that prospects for the future of the business was good. Thereafter, and in an attempt to induce Plaintiff into continuing to participate, Defendants undertook a course of deceit and misrepresentations regarding the progress of the venture.

6.     In August, 2012, after demanding an accounting of the business of EHC WOUND CARE, Plaintiffs learned that ROSA had taken their monies, funneled it through ELARA, and used the monies for non-business expenses and purposes. At this time in August 2012, ROSA further represented that EHC WOUND CARE was never established as a business entity, and that Plaintiffs had really "invested" in ELARA, and that ELARA had been dissolved. Prior to this time, Plaintiffs had never heard of an entity called ELARA HEALTHCARE, LLC. Plaintiffs have further learned, that ROSA and others had set up an elaborate scheme of corporate entities, with the purpose of defrauding individuals such as Plaintiffs. EHC WOUND CARE, LIMITED PARTNERSHIP is an entity recognized by the State of Texas. Further its' agent is EHC PATIENTS, LLC, which is in turn agent for ELARA HEALTHCARE, LLC. This corporate web allowed ROSA and others to funnel investors monies through various entities, with the intent of hiding the true use of the funds, personal gain and use of ROSA.

## IV.

## CAUSES OF ACTION

## BREACH OF FIDUCIARY DUTY

7. At all times material to this action, Defendant was in a contractual and/or confidential relationship with Plaintiffs. As such, Defendant owed duties of obedience, loyalty, full disclosure and fair dealing, and due care to Plaintiff. Specifically, but not by way of limitation, Defendant owed Plaintiffs a duty not to commit acts, or allow others to, that are in derogation of Plaintiff's economic interests.

8. Defendant, through acts of fraud, negligence and other means, has breached the fiduciary duties they owed to Plaintiffs.

9. Further, Plaintiffs will show that Defendants acted with malicious intent for the reason that they acted with full knowledge, intent, spite, and ill will and for the sole purpose of causing economic injury to Plaintiffs.

10. Defendant breach of fiduciary duties has caused economic injury and harm to Plaintiffs.

## FRAUD

## (CONSTRUCTIVE AND COMMON LAW)

11. The acts of Defendant constitute constructive fraud and also constitute common-law fraud in that (1) Defendant made false material representations that consisted of either positive untrue statements of material fact, concealment of material facts, or nondisclosure of material facts that Defendant had a duty to disclose; (2) Defendant knew that the material representations were false or

made them recklessly without any knowledge of their truth; (3) Defendant made the false material representations with the intent that they should be acted upon by the Plaintiff; (4) Plaintiffs did rely thereon; and (5) Plaintiffs suffered injury thereby. As a proximate result of the fraudulent conduct of the Defendant, Plaintiffs have suffered economic injury.

12. Additionally, Defendant, either directly or through their agents, servants and employees, fraudulently concealed their fraud from Plaintiffs. At all times material, Defendant had actual knowledge of his fraud, and, the Defendant used deception to conceal his fraud from Plaintiffs, and, the Plaintiffs reasonably relied on Defendants' deception.

13. The acts of the Defendant, as alleged herein, were done intentionally, fraudulently and with malice, or were done with a conscious indifference to the rights of the Plaintiffs, or with willful or reckless disregard for the Plaintiffs' rights, which would entitle Plaintiffs to an award of exemplary damages.

## FRAUD IN THE INDUCEMENT

14. Prior to the execution of the contracts and agreements at issue, Defendant made certain promises and representations to Plaintiffs to induce Plaintiffs into entering into the contracts and agreements. Defendant knowingly made false representations as to material facts to Plaintiffs with the intent of inducing Plaintiffs into entering into the contracts and agreements. Plaintiffs would further allege that each and every one of the representations concern material facts, for the reason that Plaintiffs would not have entered into the contracts and agreements had Plaintiffs known the falsity of the representations. Each and every one of the

representations was relied upon by Plaintiffs, and has caused Plaintiffs substantial economic injury and damage.

## FRAUD IN A STOCK TRANSACTION

15. The false representations made by Defendant, as set forth above, constitute fraud in a stock transaction, as described in Business and Commerce Code §27.01 (a)(1) and (2).

16. All objective manifestations of Defendant's actions towards Plaintiffs following the stock sales indicate actual awareness of falsity of the representations. In addition to the common-law remedies available to Plaintiffs, they are entitled to those remedies set forth in Business and Commerce Code §27.01 (d) and (e), including, but not limited to exemplary damages, attorneys fees, expert witness fees, costs for deposition copies and costs of court.

## ACCOUNTING - INSPECTION OF DOCUMENTS

17. As a shareholders, Plaintiffs are entitled to an accounting from corporate management of all expenditures complained of herein. Demand has been made previously, but such demand has not been satisfied.

18. Plaintiffs are further entitled to an inspection of the books and records of the corporation under Business and Corporation Act Article 2.44, which right has been denied on previous occasions.

19. Plaintiffs seek their costs and attorneys fees under Business Corporate Act Article 2.44 §D in connection with its efforts to inspect the financial records of the company.

## ATTORNEYS FEES

20.     Plaintiffs will show that as a proximate result of the acts and/or omissions of Defendants as more fully detailed infra, it has been forced to employ Daniel B. Nelson of Nelson Pursley, PLLC to prosecute this cause.  Plaintiff hereby sues for the reasonable and necessary attorneys fees it has incurred and will incur in the prosecution and possible appeals of this cause.  All conditions precedent to the entitlement to attorneys fees has been performed or waived.

### VI.

### Prayer

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that upon final trial of this cause the Court award them damages as plead, determine that such award is non-dischargeable and for such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully Submitted,

By:     /s/ Daniel B. Nelson
DANIEL B. NELSON
Texas Bar No. 14888470
JOHN F. NELSON
Texas Bar No. 24074802
4635 Southwest Freeway, Suite 600
Houston, Texas 77027
(O) 713-589-8811
(F) 713-589-7159

ATTORNEYS FOR PLAINTIFFS

*Of Counsel*:

NELSON PURSLEY
4635 Southwest Freeway, Suite 600
Houston, Texas 77027
(O) 713-589-8811
(F) 713-589-7159